IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ORAL HILLARY,

Plaintiff,

vs.

ST. LAWRENCE COUNTY, ST. LAWRENCE COUNTY
DISTRICT ATTORNEY'S OFFICE, ST. LAWRENCE
COUNTY DISTRICT ATTORNEY MARY E. RAIN,
Individually and in her Official Capacity, UNIDENTIFIED
JANE/JOHN DOE #1-10 ST. LAWRENCE COUNTY
EMPLOYEES, UNIDENTIFIED JANE/JOHN DOE #11-
20 ST. LAWRENCE COUNTY DISTRICT ATTORNEY
EMPLOYEES, ST. LAWRENCE COUNTY SHERIFF
KEVIN M. WELLS, Individually and in his Official
Capacity, ST. LAWRENCE COUNTY DEPUTY
SHERIFF JOHN E. JONES, JR., Individually and in his
Official Capacity, UNIDENTIFIED JANE/JOHN DOE
#21-30 ST. LAWRENCE COUNTY SHERIFF
EMPLOYEES,

VILLAGE OF POTSDAM, VILLAGE OF POTSDAM
POLICE DEPARTMENT, VILLAGE OF POTSDAM
FORMER CHIEF OF POLICE EDWARD TISCHLER,
Individually and in his Official Capacity, VILLAGE OF
POTSDAM FORMER CHIEF OF POLICE KEVIN M.
BATES, VILLAGE OF POTSDAM FORMER POLICE
LIEUTENANT (presently Acting Chief of Police) MARK
MURRAY, Individually and in his Official Capacity,
UNIDENTIFIED JANE/JOHN DOE VILLAGE OF
POTSDAM EMPLOYEES #31-40,

ONONDAGA COUNTY, ONONDAGA DISTRICT
ATTORNEY WILLIAM FITZPATRICK,

NEW YORK STATE POLICE, NEW YORK STATE
POLICE OFFICER GARY SNELL, Individually and in his
Official Capacity, NEW YORK STATE POLICE
INVESTIGATOR THEODORE LEVINSON, NEW
YORK STATE POLICE INVESTIGATOR TIM PEETS,
RAY WICKENHEISER, individually and in his Official
Capacity as Director, Crime Lab System, New York State
Police Forensic Investigation Center, JULIE PIZZIKETTI,
individually and in her Official Capacity as Director of
Biological Science, New York State Police Forensic
Investigation Center, UNIDENTIFIED JANE/JOHN DOE
#41-50 NEW YORK STATE POLICE EMPLOYEES,

Defendants.

Civil Action No.:
8:17-CV-00659 (GLS/DEP)

# MEMORANDUM OF LAW
## IN SUPPORT OF THE ST. LAWRENCE COUNTY DEFENDANTS'
<u>MOTION TO DISMISS</u>

HANCOCK ESTABROOK, LLP
John L. Murad, Jr., Esq. (# 102241)
Christina M. Verone Juliano, Esq. (# 515537)
100 Madison Street, Suite 1500
Syracuse, New York 13202
Tel: (315) 565–4500
Fax: (315) 565–4600

*Attorneys for Defendants, St. Lawrence County, St. Lawrence County District Attorney's Office, Unidentified Jane/John Doe #1-10 St. Lawrence County Employees, Unidentified Jane/John Doe #11-20 St. Lawrence County District Attorney Employees, St. Lawrence County Sheriff Kevin M. Wells, Individually and in his Official Capacity, and Unidentified Jane/John Doe #21-30 St. Lawrence County Sheriff Employees*

# TABLE OF CONTENTS

I.      PRELIMINARY STATEMENT ................................................................................ 1

II.     STATEMENT OF RELEVANT FACTS ............................................................... 1

III.    STANDARD OF REVIEW ................................................................................... 1

IV.     ARGUMENT ......................................................................................................... 3

    1)   PLAINTIFF HAS FAILED TO STATE ANY §1983 CLAIMS AGAINST
THE ST. LAWRENCE COUNTY DEFENDANTS .......................................................... 4

        A.   Defendant St. Lawrence County and Unidentified Jane/John Doe
County Employees #1-10.................................................................... 4

            (1)   Plaintiff Fails To Plead A Monell Claim Against The County ....... 5

                i.   *Plaintiffs' Complaint Does Not Allege a Formal
County Policy*.................................................................... 5

                ii.   *The Allegations of Actions Made by County
Policymakers Cannot Subject the County to Liability* ................... 7

                iii.   *The Actions Plaintiff Alleges Do Not Constitute
"Custom and Usage"*......................................................... 10

                iv.   *Plaintiff Has Not Asserted Any Facts to Support a
Finding of Deliberate Indifference* ................................... 12

                v.   *Plaintiff's Remaining §1983 Claims Must Be
Dismissed* .................................................................... 16

        B.   The St. Lawrence County District Attorney's Office and
Unidentified Jane/John Doe County District Attorney Employees
#11-20 ............................................................................. 18

        C.   St. Lawrence County Sheriff Kevin Wells and Unidentified
Jane/John Doe County Sheriff Office Employees #21-30 ....................... 19

            (1)   Plaintiff Has Failed To State a Claim Against Defendant Wells in
his Official Capacity ................................................................. 19

            (2)   Plaintiff Has Failed to State a Claim Against Defendant Wells in
his Individual Capacity .............................................................. 19

            (3)   Plaintiff Has Failed to Mention Any Direct Participation of the
Unidentified Jane/John Doe County District Attorney Employees
#11-20. For the Reasons set Forth in Section C(2) Above,
Plaintiff's Failure to Identify Any Action or Personal Immunity on
Behalf of the Unnamed Parties, at Any Point in the Lengthy
Complaint is Basis for Dismissal. ................................................... 20

    2)   PLAINTIFF HAS FAILED TO STATE ANY NEW YORK STATE LAW
CLAIMS AGAINST THE ST. LAWRENCE COUNTY DEFENDANTS ..................... 21

(1)   The District Attorney's Office is Not A Suable Entity Under New York Law .............................................................................. 21

(2)   Plaintiff Has Failed to State A Claim for False Imprisonment/False Arrest.................................................................................. 22

(3)   Plaintiff Has Failed to State A Claim for Negligent Hiring, Training, Supervision and Retention ............................................. 22

(4)   Plaintiff Has Failed to State A Claim for Abuse of Process ......... 24

(5)   In the Alternative, the State Law Claims Are Barred By The Statute of Limitations................................................................. 25

(6)   In the Alternative, Plaintiff is Unable To Seek Punitive Damages Against The County and the Sheriff in His Official Capacity ...... 25

V.     CONCLUSION.................................................................................... 26

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ad–Hoc Comm. of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch Coll.*,
  835 F.2d 980 (2d Cir.1987).................................................................................1

*Al–Jundi v. Estate of Rockefeller*,
  885 F.2d 1060 (2d Cir.1989)..............................................................................21

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...........................................................................................2, 7

*Askins v. Doe No. 1*,
  727 F.3d 248 (2d Cir. 2013)..................................................................................4

*Baez v. Hennessy*,
  853 F.2d 73 (2d Cir. 1988)........................................................................9, 16, 17

*Balentine v. Tremblay*,
  554 Fed.Appx. 58 (2d Cir. 2014).........................................................................18

*Bertuglia v. City of New York*,
  133 F.Supp.3d 608 (S.D.N.Y. Sept. 28, 2015) ...............................................15, 25

*Bradley v. City of New York*,
  2009 WL 1703237 (E.D.N.Y. June 18, 2009) .....................................................14

*Bryan Cty. v. Brown*,
  520 U.S. 397 (1997).............................................................................................13

*Burgos v. Huggins*,
  2015 WL 512784 (N.D.N.Y. Feb. 5, 2015) .........................................................22

*Canton v. Harris*,
  489 U.S. 378 (1989) (O'Connor, J., concurring in part and dissenting in part) .....13

*Carlisle v. City of Yonkers*,
  1996 WL 685756 (2d Cir. Nov. 29, 1996).........................................................7, 11

*Ciraolo v. City of New York.*,
  216 F.3d 236 (2d Cir. 2000)................................................................................26

*City of Newport v. Fact Concerts, Inc.*,
  453 U.S. 247 (1981).............................................................................................26

*City of Oklahoma City v. Tuttle,*
   471 U.S. 808 (1985)...................................................................................4, 5

*Coleman v. City of Syracuse,*
   2011 WL 13808 (N.D.N.Y. Jan. 4, 2011)...........................................4, 6, 8, 12

*Colodney v. Continuum Health Partners, Inc.,*
   2004 WL 829158 (S.D.N.Y.2004)............................................................24

*Connick v. Thompson,*
   131 S. Ct. 1350 (2011)........................................................................13, 17

*Costello v. City of Burlington,*
   632 F.3d 41 (2d Cir.2011)........................................................................21

*Curley v. Village of Suffern,*
   268 F.3d 65 (2d Cir. 2001)........................................................................17

*Danford v. City of Syracuse,*
   2012 WL 4006240 (N.D.N.Y. Sept. 12, 2012) .......................................4, 11, 14

*Daniels v. City of Binghamton,*
   947 F.Supp. 590 (N.D.N.Y. 1996)...............................................................7

*Daniels v. Loizzo,*
   174 F.R.D. 295 (S.D.N.Y. 1997) ...............................................................24

*Detone v. Bullit Courier Serv.,*
   140 A.D.2d 278 (1st Dep't 1988) ...............................................................24

*Dillon v. Morano,*
   497 F.3d 247 (2d Cir.2007).......................................................................17

*Donovan v. Briggs,*
   250 F.Supp.2d 242 (W.D.N.Y 2003) ..........................................................20

*Dudek v. Nassau Cty. Sheriff's Dep't,*
   991 F. Supp. 2d 402 (E.D.N.Y. 2013) .........................................................20

*Dwares v. City of New York,*
   985 F.2d 94 [2d Cir.1993]...........................................................................6

*Econ. Opportunity Comm'n v. County of Nassau,*
   47 F. Supp. 2d 353 (E.D.N.Y. 1999) ........................................................6, 12

*Eisenberg v. District Atty. of County of King,*
   1996 WL 406542 (E.D.N.Y. Jul. 16, 1996).....................................................9

*Frederique v. Cty. of Nassau,*
    168 F. Supp. 3d 455 (E.D.N.Y. 2016) .................................................................15, 25

*Gonzalez v. City of New York,*
    1999 WL 549016 (S.D.N.Y. July 28, 1999) .................................................................22

*Haybeck v. Prodigy Serv. Co.,*
    944 F.Supp. 326 (S.D.N.Y.1996) .................................................................................24

*Hayden v. Paterson,*
    594 F.3d 150 (2d Cir.2010).............................................................................................2

*Ivani Contr. Corp. v. City of New York,*
    103 F.3d 257 (2d Cir. 1997)..........................................................................................26

*Jacobs v. Port Neches Police Dept.,*
    915 F.Supp. 842 (E.D.Tex.1996)..................................................................................22

*Johnson v. Barney,*
    360 F. App'x 199 (2d Cir. Jan. 12, 2010) ....................................................................21

*Johnson v. Wigger,*
    2009 WL 2424186 (N.D.N.Y. Aug. 7, 2009) ..............................................................12

*Justice v. McGovern,*
    2011 WL 6181944 (E.D.N.Y. Dec. 6, 2011) ...............................................................21

*Kenneth R. v. Roman Catholic Diocese,*
    229 A.D.2d 159 (2d Dep't 1997)..................................................................................24

*Ky. v. Graham,*
    473 U.S. 159 ..................................................................................................................20

*Lautman v. 2800 Coyle St. Owners Corp.,*
    2014 WL 2200909 (E.D.N.Y. May 23, 2014) ...............................................................1

*Lopez v. City of New York,*
    901 F.Supp. 684 (S.D.N.Y.1995) .........................................................................15, 25

*McAvoy v. DeMarco,*
    2015 WL 1802601 (E.D.N.Y. Apr. 16, 2015) .......................................................10, 20

*McCarroll v. Matteau,*
    2010 WL 2346327 (N.D.N.Y. May 17, 2010).................................................................2

*McKinnon v. Patterson,*
    568 F.2d 930 (2d Cir.1977)....................................................................................20, 21

*Monell v. Department of Social Services of City of New York,*
    436 U.S. 658 (1978) ................................................................................................ *passim*

*Murns v. City of New York,*
    2001 WL 515201 (S.D.N.Y.2001) ................................................................................. 24

*New Windsor Volunteer Ambulance Corps., Inc. v. Meyers,*
    442 F.3d 101 (2d Cir. 2006) .......................................................................................... 26

*Norton v. Town of Brookhaven,*
    33 F. Supp. 3d 215 (E.D.N.Y. 2014) ............................................................................. 10

*Ogunkoya v. Cty. Of Monroe,*
    2017 US Dist LEXIS 86108 (EDNY 2017) .................................................................... 23

*Pembaur v. City of Cincinnati,*
    475 U.S. 469 (1986) ................................................................................................... 6, 13

*Pennhurst State Sch. & Hosp. v. Halderman,*
    465 U.S. 89 (1984) ........................................................................................................ 19

*Posr v. Court Officer Shield*
    # 207, 180 F.3d 409 (2d Cir. 1999) ............................................................................... 16

*Purdie v. Mahoney,*
    2005 WL 3050969 (N.D.N.Y. Nov. 14, 2005) ............................................................... 21

*Quern v. Jordan,*
    440 U.S. 332 (1979) ...................................................................................................... 19

*Raspardo v. Carlone,*
    770 F.3d 97 (2d Cir.2014) ............................................................................................. 20

*Reynolds v. Giuliani,*
    506 F.3d 183 (2d Cir. 2007) .................................................................................... 14, 16

*Robinson v. Cty. of Yates,*
    821 F. Supp. 2d 564 (W.D.N.Y. 2011) ......................................................................... 24

*Rodriguez v. City of New York,*
    649 F. Supp. 2d 301 (S.D.N.Y. 2009) .......................................................................... 15

*Rohman v. N.Y.C. Transit Auth.,*
    215 F. 3d 208 (2d Cir. 2000) ........................................................................................ 16

*Sadallah v. City of Utica,*
    383 F3d 34 (2d Cir. 2004) ............................................................................................. 18

*Sampson v. City of Schenectady*,
   160 F. Supp. 2d 336 (N.D.N.Y. 2001)....................................................15

*Savino v. City of New York*,
   331 F.3d 63 (2d Cir. 2003).............................................................15, 25

*Schulik v. County of Monroe*,
   202 A.D.2d 960 (4th Dept. 1994) ....................................................25

*Smelts v. Meloni*,
   306 A.D.2d 872 (4th Dept. 2003) ....................................................25

*Smith v. City of New York*,
   290 F.Supp.2d 317 (E.D.N.Y.2003) ...............................................6, 12

*Snow v. Harder*,
   43 A.D.2d 1003 (3rd Dept. 1974) ....................................................25

*Steed v. Delohery*,
   No. 96 Civ. 2449, 1998 WL 440861 (S.D.N.Y. Aug. 4, 1998) ...............22

*Stokes v. City of New York*,
   2007 WL 1300983 (E.D.N.Y.2007)..................................................24

*Thomas v. O'Brien*,
   No. 08–CV–0318, 2009 WL 811447 (N.D.N.Y. Mar. 27, 2009) ............26

*Thorpe v. Cty. of St. Lawrence.*,
   2016 WL 7053545 (N.D.N.Y. Dec. 05, 2016)......................................7

*Van de Kamp v. Goldstein*,
   555 U.S. 335 (2009).....................................................................10

*Walker v. City of New York*,
   974 F.2d (2d Cir. 1992)................................................................6, 14

*Ward v. Coughlin*,
   1996 WL 631747 (N.D.N.Y. Oct. 21, 1996) .....................................21

*Woodward v. Office of Dist. Atty.*,
   689 F. Supp. 2d 655 (S.D.N.Y. 2010)...........................................19, 22

*Ying Jing Gan v. City of New York*,
   996 F.2d 522 (2d Cir. 1993)......................................................10, 11, 19

*Zachary v. County of Onondaga*,
   1999 WL 14041 (N.D.N.Y. Jan. 7, 1999)...........................................9

**Statutes**

42 U.S.C. §1983 ............................................................................................. *passim*

FED. R. CIV. P. 8(a)(2) ........................................................................................2

Fed.R.Civ.P. 12(b)(6) ........................................................................................1

Fed.R.Civ.P. 17(b) ..........................................................................................22

Fed.R.Civ.P. 12(c) ............................................................................................1

Gen. Municipal Law §§ 50-e, 50-i ...................................................................*keys*

CPLR §215 ......................................................................................................26

## I.    PRELIMINARY STATEMENT

Plaintiff Oral Hillary ("Plaintiff") was arrested for murder, tried in St. Lawrence County (the "County") and ultimately acquitted. He now attempts to bring various 42 U.S.C. §1983 ("§1983") claims and state law tort claims against the defendants, including St. Lawrence County, St. Lawrence County District Attorney's Office, Unidentified Jane/John Doe #1-10 St. Lawrence County Employees, Unidentified Jane/John Doe #11-20 St. Lawrence County District Attorney Employees, St. Lawrence County Sheriff Kevin M. Wells, Individually and in his Official Capacity, and Unidentified Jane/John Doe #21-30 St. Lawrence County Sheriff Employees (collectively the "St. Lawrence County Defendants").

Plaintiff's Complaint asserts thirteen causes of action in total, each directed in general to "Defendants", and many of which fail to identify or articulate which of the numerous party defendants they are directed to. Nevertheless, in addition to issues of expired statute of limitations and failure to meet basic pleading requirements, which are outlined in detail below, there can be no question that Plaintiff's claims as against the St. Lawrence County Defendants are quite simply unfounded, meritless, and should be dismissed.

## II.    STATEMENT OF RELEVANT FACTS

The relevant facts proffered by Plaintiff are listed in the Complaint at paragraphs 35- 169. (Ex. "1").

## III.    STANDARD OF REVIEW

"In ruling on a motion for judgment on the pleadings under Fed.R.Civ.P. 12(c), a court should apply 'the same standards that are employed for dismissing a complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6).'" *Lautman v. 2800 Coyle St. Owners Corp.*, 2014 WL 2200909, at *3 (E.D.N.Y. May 23, 2014) *citing Ad–Hoc Comm. of Baruch Black & Hispanic*

*Alumni Ass'n v. Bernard M. Baruch Coll.,* 835 F.2d 980, 982 (2d Cir.1987); *accord Hayden v. Paterson,* 594 F.3d 150, 160 (2d Cir.2010). "In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia,* 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *McCarroll v. Matteau*, 2010 WL 2346327, at *4 (N.D.N.Y. May 17, 2010) (*citing* FED. R. CIV. P. 8(a)(2)). "The requirement that a plaintiff 'show' that he or she is entitled to relief means that a complaint 'must contain sufficient factual matter,' accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Id.* (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)) (emphasis in original).

"Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense . . . [and] where the well–pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"Rule 8 marks a notable and generous departure from the hyper–technical, code–pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

Based on the *Iqbal* Court's clarified tenets of pleading, and on the arguments set forth below, the St. Lawrence County Defendants assert that the Complaint fails as a matter of law.

## IV.    ARGUMENT

Plaintiff's Complaint asserts thirteen (13) causes of action, the first 10 of which are various claims pursuant to 42 U.S.C. §1983, including: (1) false arrest (COMPL., ¶¶ 174–179); (2) malicious prosecution (COMPL., ¶¶ 180–194); (3) conspiracy (COMPL., ¶¶ 195–208); (4) fabrication of evidence (COMPL., ¶¶ 209–215); failure to disclose exculpatory evidence (COMPL., ¶¶ 216–221); violations of fourteenth amendment equal protection rights (COMPL., ¶¶ 222–227); retaliatory prosecution claim for violations of first amendment right of free expression (COMPL., ¶¶ 228–233); (8) due process and stigma-plus defamation (COMPL., ¶¶ 234–240); (9) municipal and corporate liability for violations of first, fourth and fourteenth amendment rights (COMPL., ¶¶ 241–249); and (10) supervisor liability in violation of the first, fourth and fourteenth amendments (COMPL., ¶¶ 250–255); while the last three claims asserted are pursuant to New York State tort law, including (11) negligent hiring, training, supervision and retention (COMPL., ¶¶ 256–265); (12) false imprisonment/false arrest (COMPL., ¶¶ 266–271); and (13) abuse of process (COMPL., ¶¶ 272–280).

As more fully set forth below, Plaintiff's Complaint does not set forth a cognizable claim against any of the St. Lawrence County Defendants.  Specifically, Defendants Motion should be granted because: (1) the Complaint fails to sufficiently plead a *Monell* claim or state law claim that would permit the County to remain a party to this action; (2) the District Attorney's Office is entitled to immunity under the Eleventh Amendment, and is otherwise not a suitable entity under State law; and (3) Plaintiff fails to allege any personal involvement by Sheriff Kevin Wells, who has not been named anywhere in the Complaint other than the caption.

## POINT I

1)   **PLAINTIFF HAS FAILED TO STATE ANY §1983 CLAIMS AGAINST THE ST. LAWRENCE COUNTY DEFENDANTS**

As stated above, the Complaint is not clear as to what, if any, of the ten (10) Section 1983 claims listed are asserted against the St. Lawrence County Defendants. This brief will address the overarching problems with asserting §1983 claims as against the St. Lawrence County Defendants in general, as well as address each individual claim.

### A.   Defendant St. Lawrence County and Unidentified Jane/John Doe County Employees #1-10

In order to maintain a §1983 claim against any governmental body, a plaintiff must show "that official policy is responsible for a deprivation of rights protected by the Constitution . . . ." *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978).

The threshold question for a §1983 claim against a governmental body is whether the alleged constitutional "violation was caused by a municipal policy or custom." *Coleman v. City of Syracuse*, 2011 WL 13808, at *8 (N.D.N.Y. Jan. 4, 2011) (citing cases). To establish municipal liability under Section 1983, a plaintiff must show one of the following: "(1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing municipal policies related to the particular deprivation in question; (3) a practice so consistent and widespread that it constitutes a 'custom or usage' sufficient to impute constructive knowledge of the practice to policymaking officials; or (4) a failure by policymakers to train or supervise subordinates to such an extent that it amounts to 'deliberate indifference' to the rights of those who come into contact with the municipal employees." *Danford v. City of Syracuse*, 2012 WL 4006240, at *7 (N.D.N.Y. Sept. 12, 2012). Liability will not be imposed unless the municipality has affirmatively "promulgated a custom or policy." *Askins v. Doe No. 1*, 727 F.3d 248, 253 (2d Cir. 2013). "Proof of a single incident of

unconstitutional activity is not sufficient to impose liability under *Monell*." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985).

Therefore, Plaintiff's Complaint must show a sufficient official policy and that the policy caused a constitutional claim. *Id.* Plaintiff's Complaint does neither.

(1)   **Plaintiff Fails To Plead A Monell Claim Against The County**

     i.   *Plaintiffs' Complaint Does Not Allege a Formal County Policy*

"In terms of what a complaint must allege to survive a Motion to Dismiss, the Second Circuit has held that 'the mere assertion . . . that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference.'" *Coleman, supra* at *8 (quoting *Dwares v. City of New York,* 985 F.2d 94, 100 [2d Cir.1993], *overruled on other grounds, Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 164 [1993] ); *see also Smith v. City of New York,* 290 F.Supp.2d 317, 322 (E.D.N.Y.2003) (holding that a conclusory, boilerplate assertion of a municipal policy or custom was insufficient to survive motion to dismiss); *Econ. Opportunity Comm 'n v. County of Nassau, Inc.,* 47 F.Supp.2d 353, 370 (E.D.N.Y.1999) (dismissing municipal liability claim where plaintiffs "d[id] not proffer any facts in support of the conclusory allegation that the defendants' conduct amounts to a custom or policy, or that this custom or policy caused the plaintiffs' injuries."). Instead, a plaintiff must "allege actual conduct by a municipal policymaker." *Id., citing Walker v. City of New York,* 974 F.2d at 296–97 (2d Cir. 1992); *Pembaur v. City of Cincinnati,* 475 U.S. 469, 481 (1986) ("Municipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered.").

In this case, for its <u>sixth cause of action</u> for violation of his fourteenth amendment equal protection rights, Plaintiff makes the conclusory allegation that the County of St. Lawrence, amongst others, has an "unwritten but long standing" policy of treating individuals differently based on their race resulting in the defendant, a black man of Jamaican decent, being treated unfairly.  (COMPL., ¶ 223-224).  It also states that the County of St. Lawrence, amongst others, has "a policy permitting its employees and/or agents to arrest and prosecute individuals without any legal justification" (COMPL., ¶ 226).

Beyond factual allegations relating to the Plaintiff's experience, the rest of the Complaint is simply devoid of any facts that could support that St. Lawrence County has affirmatively adopted a specific policy of discriminatory behavior based on the color of an individual's skin, or to otherwise arrest and prosecute without legal justification.  *See Carlisle v. City of Yonkers*, 1996 WL 685756, at *1 (2d Cir. Nov. 29, 1996) (finding the plaintiff failed to meet his burden where "he offers no facts, other than his own detention . . . to support [his] allegation."); *Thorpe v. Cty. of St. Lawrence.*, 2016 WL 7053545, at *5 (N.D.N.Y. Dec. 05, 2016) (finding boilerplate allegations, without providing facts, will not support a conclusion that the discriminatory policy actually existed).  These allegations do not meet the *Iqbal* pleading standard, as it does not assert a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678.

Moreover, in the case of *Daniels v. City of Binghamton*, 947 F.Supp. 590, 598 (N.D.N.Y. 1996), the plaintiff attempted to assert a *Monell* claim against the city by alleging that "the city has had a practice of failing to adequately investigate situations that involve the minority community and has failed to adequately discipline its officers, resultant [sic] in abusive governmental conduct, a violation of plaintiff's 14th amendment rights."  However, the Court granted a motion to dismiss, finding that "[t]he mere assertion . . . that a municipality has such a

custom or policy is insufficient in the absence of allegations of fact tending to support, at least

circumstantially, [the inference that such a *policy existed]." *Id.* at 598–99 (citations omitted).

"Plaintiff's conclusory allegations here do not support the inference that such a policy or practice

existed, and thus plaintiff's final claim must be dismissed." *Id.* at 599.

Therefore, to the extent Plaintiff alleges that the County had a policy that led to Plaintiffs'

alleged constitutional violations, that claim fails.

### ii.   *The Allegations of Actions Made by County Policymakers Cannot Subject the County to Liability*

To bring a claim against the County under *Monell*, Plaintiff could also show "that an

official with policymaking authority took action or made a specific decision which caused the

alleged violation of constitutional rights." *Coleman*, 2011 WL 13808, at *8.

In this case, Plaintiff has asserted that St. Lawrence County has delegated final policy-

making authority to the District Attorney and the Sheriff for their respective areas of operation.

(COMPL., ¶¶ 19, 21).  Each are discussed below.

#### a.   *District Attorney*

Leaving aside the Complaint's conclusory and threadbare recitals, the only specific

activities Plaintiff claims violated his constitutional rights by Defendant St. Lawrence County

District Attorney Mary Rain were in his indictment and prosecution.  As set forth in his <u>second</u>

<u>through fifth causes of action,</u> those actions include: (1) malicious prosecution without probable

cause and based upon false statements that Plaintiff committed the crime of murder in the second

degree (COMPL. ¶183) (2) conspiracy to target, indict and prosecute Plaintiff without physical

evidence (COMPL. ¶¶202, 204, 205); (3) fabrication of evidence and post-arrest falsification of

evidence (COMPL., ¶¶ 212-213); and (4) withholding of and/or failure to disclose exculpatory

evidence (COMPL., ¶ 219).  As such, the Plaintiff's specific factual allegations in the present case

focus on Ms. Rain's actions as the district attorney that relate to the prosecution of the Plaintiff, including her decision to prosecute and the tactics she employed in seeking the indictment.

      None of those allegations are sufficient to impute a *Monell* policy against the County. That is because "[w]hen prosecuting a criminal matter, a district attorney in New York State, acting in a quasi–judicial capacity, represents the State not the county." *Baez v. Hennessy*, 853 F.2d 73, 77 (2d Cir. 1988). In *Baez*, the Second Circuit dealt with a similar situation to the picture painted by the Plaintiff in the present case. An individual who was acquitted of a criminal charge sought to use the actions of the District Attorney in the indictment process to impute liability on the County. *See id.* at 74. After a lengthy review of the role of a district attorney in New York State, the court stated "[i]t is well established in New York that the district attorney, and the district attorney alone, should decide when and in what manner to prosecute a suspected offender." *Id.* at 77. In absolving the County from liability, the court concluded that "where, as here, controlling law places limits on the County's authority of the district attorney, the County cannot be said to be responsible for the conduct at issue." *Id.* ("A county has no right to establish a policy concerning how [a district attorney] should prosecute violations of State penal laws."). Therefore, no municipal liability may arise from a district attorney's prosecution. *See id.; see also Eisenberg v. District Atty. of County of King*, 1996 WL 406542, at *7 (E.D.N.Y. Jul. 16, 1996) (citing cases) ("The prosecutorial acts of assistant district attorneys which are alleged in this regard are simply implementations of the prosecutorial decision allegedly made by the District Attorney to which claims of inadequate training bear no relationship at all. *Baez* requires this court to conclude that the claims against the City of New York based upon 42 U.S.C. §1983 must be dismissed"); *Zachary v. County of Onondaga*, 1999 WL 14041, at *3 (N.D.N.Y. Jan. 7, 1999) ("In other words, because Zachary's allegations relate to the district

attorney's quasi–judicial actions (i.e. deciding whether to prosecute Zachary) and not on the mismanagement of the district attorney's office, the County cannot be held liable").

The Plaintiff has also asserted in its <u>ninth cause of action</u>- without any factual allegations- that the County of St. Lawrence, through its policy makers, have failed to properly train and supervise its employees of the district attorney's office on functions relating to the proper methods in building a case for prosecution.  (Compl. ¶¶ 242).  However, Courts have repeatedly held that "matters of supervision and training with the prosecutor's basic trial advocacy duties will be considered prosecutorial in nature and not administrative." *Norton v. Town of Brookhaven*, 33 F. Supp. 3d 215, 243 (E.D.N.Y. 2014) (citing *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009)).  More to the point, as was the case with the first theory of *Monell* liability, the plaintiff must provide specific factual allegations to support such an assertion.  *See Ying Jing Gan v. City of New York*, 996 F.2d 522, 536 (2d Cir. 1993) (affirming dismissal of conclusory and speculative assertions with respect to alleged policies of the district attorney's office).  The Plaintiff has failed to raise any specific factual allegation on failure to train or supervise, and even if he had, those matters are considered prosecutorial, (*Norton, supra; Van de Kamp, supra)* and therefore the municipality cannot be held liable.  For these reasons, to the extent Plaintiff asserts that the County is liable under *Monell* for the actions of Defendant Mary Rain, the St. Lawrence County Defendants respectfully request that the Court dismiss those claims.

### b.  Sheriff

The caption of this matter shows that Plaintiff has sued the St. Lawrence County Sheriff Kevin Wells in both his individual and official capacity.  However, it is unclear as to what, if anything, Plaintiff claims that Sheriff Wells did, *in either capacity*, to violate his constitutional

rights, because throughout the entirety of the Complaint, there is no mention of Sheriff Wells'

involvement in the actions allegedly taken against the Plaintiff. *See McAvoy v. DeMarco,* 2015

WL 1802601, at *5 (E.D.N.Y. Apr. 16, 2015) ("Plaintiff has not alleged the direct participation

of [the defendant] in any violation of his constitutional rights, nor any basis upon which to find

[the defendant] liable in a supervisory capacity. . . . he does not mention him anywhere in the

body of the complaint."). In fact, Sherriff Wells is not mentioned at all, anywhere in the body of

the Complaint. On this basis alone, the County cannot be held liable for any actions of Sherriff

Wells.

Even if the Court were to strain and remotely consider those accusations that tangentially

relate to Sheriff Wells, which consist of broad accusations of racial discrimination policies

(Compl. ¶223) and a failure to train its members in legal justifications for citizens' arrests

(Compl. ¶247); the Plaintiff once again has failed to make any specific factual assertions–outside

of the Plaintiff's experience–to support the existence of such policies. *See Ying Jing Gan*, 996

F.2d at 536 (requiring specific factual allegations); *Carlisle*, 1996 WL 685756, at *1 (facts

supporting assertions must go beyond plaintiff's own interaction with the officials). Therefore,

without more, and to the extent Plaintiff asserts that the County is liable under *Monell* for the

actions of, or alleged policies instituted by, Sheriff Wells, the St. Lawrence County Defendants

respectfully request that the Court dismiss these claims.

### iii. *The Actions Plaintiff Alleges Do Not Constitute "Custom and Usage"*

Plaintiff has likewise not stated a *Monell* claim under the third possible option, which is

to state facts that clearly depict "a practice so consistent and widespread that it constitutes a

'custom or usage' sufficient to impute constructive knowledge of the practice to policymaking

officials". *Danford, supra.*

Here, as part of his <u>ninth cause of action</u>, Plaintiff asserts that the County is liable for violations of Plaintiff's first, fourth and fourteenth amendment rights because through its "high level policy makers,[it] has made a deliberate, conscious choice to allow its employees to engage in law enforcement activities, without the training in the proper predicates for law enforcement, probable cause, reasonable cause, gathering of evidence, analyzing of evidence, proper procedures, and constitutional mandates." (COMPL., ¶ 242). The Complaint goes on to state that the "practices described in this Complaint comprise both formal policies, and practices so consistent and widespread that, although not expressly authorized, constitute a custom or usage of which supervising policy-makers must have been aware. . .." (COMPL., ¶ 244).

Other than this overarching conclusory allegation, Plaintiff has failed to offer any evidence that the County's alleged practices relating to training constituted a "custom or usage". In fact, the allegations in Plaintiff's complaint are similar to the *Monell* claims in *Coleman*. In the *Coleman* complaint, the plaintiff alleged that "[i]t was the policy and/or practice of the Defendant City of Syracuse to inadequately supervise and train its law enforcement personnel, thereby failing to adequately discourage Constitutional violations on the part of Defendants." 2011 WL 13808 at *9. In deciding the *Coleman* motion to dismiss, the Court held that "[e]ven when [the Court] construes Plaintiff's . . . Complaint with the utmost of liberality, the . . . conclusory allegations that the City had a custom or policy of improperly training and/or supervising . . . are insufficient to state a claim for municipal liability." *Id.* at *9; *see also Johnson v. Wigger*, 2009 WL 2424186, at *7 (N.D.N.Y. Aug. 7, 2009) (citing cases) ("The mere assertion . . . that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference"); *Smith v. City of New York*, 290 F.Supp.2d 317, 322 (E.D.N.Y. 2003) (holding that a conclusory, boilerplate

assertion of a municipal policy or custom was insufficient to survive motion to dismiss); *Econ. Opportunity Comm'n v. County of Nassau*, 47 F. Supp. 2d 353, 370 (E.D.N.Y. 1999) (dismissing municipal liability claim where plaintiffs did "not proffer any facts in support of the conclusory allegation that the defendants' conduct amounts to a custom or policy, or that this custom or policy caused the plaintiffs' injuries").

As such, Plaintiff is unable to establish a *Monell* claim under this theory, and the relevant claims should be dismissed.

### iv.   *Plaintiff Has Not Asserted Any Facts to Support a Finding of Deliberate Indifference*

" '[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick v. Thompson*, 131 S. Ct. 1350, 1360 (2011) *citing Bryan Cty. v. Brown,* 520 U.S. 397, 410 (1997). For example, when "city policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights, the city may be deemed deliberately indifferent if the policymakers choose to retain that program. [citation omitted]. The city's "policy of inaction" in light of notice that its program will cause constitutional violations 'is the functional equivalent of a decision by the city itself to violate the Constitution.'" *Id. citing Canton v. Harris,* 489 U.S. 378, 395 (1989) (O'Connor, J., concurring in part and dissenting in part). Any less stringent of a standard of fault for a failure-to-train claim "would result in *de facto respondeat superior* liability on municipalities ...." *Id. citing Canton, supra* at 392; *see also Pembaur, supra,* at 483 (opinion of Brennan, J.) (" [M]unicipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by [the relevant] officials ...").

"To establish that the policymaker took action or constructively acquiesced to an unlawful practice, a plaintiff must show that the policymaking official 'had notice of a potentially serious problem of unconstitutional conduct, such that the need for corrective action or supervision was obvious, ... and the policymaker's failure to investigate or rectify the situation evidences deliberate indifference, rather than mere negligence or bureaucratic inaction.'" *Danford, supra* at \*8 *citing Bradley v. City of New York*, 2009 WL 1703237, at \*2 (E.D.N.Y. June 18, 2009) (citation omitted).  In the absence of affirmative conduct by the municipality that clearly endorses a policy or custom in violation of a Plaintiff's rights, the standard can be "satisfied where a local government is faced with a pattern of misconduct and does nothing, compelling the conclusion that the local government has acquiesced in or tacitly authorized its subordinates' unlawful action." *Reynolds v. Giuliani*, 506 F.3d 183, 192 (2d Cir. 2007).  This "deliberate indifference" standard encompasses either a failure on the part of the municipality to supervise their agents or a failure to adequately train those agents or both. *See Walker*, 974 F.2d at 296–97 (collecting and discussing court decisions regarding what constitutes a failure to train or supervise).

Here, Plaintiff's ninth cause of action claims that the St. Lawrence Defendants have "failed to provide adequate training or supervision to subordinates to such an extent that it amounted to deliberate indifference to the rights of those who come into contact with employees and/or agents of the" municipality, and have otherwise "failed to train its member[sic] in legal justifications for citizens' arrests." (COMPL., ¶¶ 244, 247).  Plaintiff likewise asserts in his tenth cause of action that the County Defendants who were supervisors "had actual and constructive knowledge of the illegal seizure, false arrest, malicious prosecution and abuse of process which was being committed by their subordinates against the Plaintiff" and that the supervisors failure

to remedy these patterns, created a policy and custom of unconstitutional practices that occurred

and were tolerated, and for otherwise bring grossly negligent in managing their subordinates.

(COMPL., ¶¶ 252, 253).

First, to state a claim for illegal seizure/false arrest under §1983, the Plaintiff must allege:

1) defendant intended to confine the plaintiff, 2) plaintiff was conscious of the confinement, 3)

plaintiff did not consent to the confinement, and 4) the confinement was not otherwise

privileged." *Sampson v. City of Schenectady*, 160 F. Supp. 2d 336, 346-47 (N.D.N.Y. 2001).

Similarly, to "prevail on a claim for abuse of process under New York law, a plaintiff must

establish that the defendant: '(1) employ[ed] regularly issued legal process to compel

performance or forbearance of some act (2) with intent to do harm without excuse or

justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of

the process.'" *Frederique v. Cty. of Nassau*, 168 F. Supp. 3d 455, 478 (E.D.N.Y. 2016) *citing*

*Bertuglia v. City of New York*, 133 F.Supp.3d 608, 638 (S.D.N.Y. Sept. 28, 2015) (quoting

*Savino v. City of New York*, 331 F.3d 63, 76 (2d Cir. 2003)). Moreover, "[t]he pursuit of a

collateral objective must occur after the process is issued; the mere act of issuing process does

not give rise to a claim." *Id. citing Lopez v. City of New York*, 901 F.Supp. 684, 691

(S.D.N.Y.1995).

Here, Plaintiff's allegations to support these causes of action center on his arrest, which

he claims was without reasonable or probable cause. (Compl. ¶273). However, Plaintiff fails to

set forth any facts to demonstrate that the arrest in question was initiated, carried out, or intended

by any of the St. Lawrence County Defendants. *See Rodriguez v. City of New York,* 649 F. Supp.

2d 301, 305 (S.D.N.Y. 2009) (defendants did not arrest plaintiff or "direct any officer to arrest

plaintiff" and therefore a claim of false arrest must be dismissed). The fact that Plaintiff was

arrested by parties unrelated to the St. Lawrence County Defendants is insufficient to lodge a claim for false arrest or abuse of process as to them[1].

Second, a claim for malicious prosecution must establish "'(1) that the defendant initiated a prosecution against the plaintiff, (2) that the defendant lacked probable cause to believe the proceeding could succeed, (3) that the defendant acted with malice, and (4) that the prosecution was terminated in the plaintiff's favor.'" *Rohman v. N.Y.C. Transit Auth.*, 215 F. 3d 208, 215 (2d Cir. 2000) (*citing Posr v. Court Officer Shield #* 207, 180 F.3d 409, 417 (2d Cir. 1999)). The Second Circuit added that a §1983 claim of malicious prosecution requires the plaintiff to additionally assert that there was a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights. *Id.*

Here, Plaintiff's factual account describes actions of District Attorney Mary Rain in his indictment and prosecution. He fails to assert any allegations which would infer involvement on behalf of the St. Lawrence County for the indicting, arraigning and prosecuting him on criminal charges. To the extent that Plaintiff somehow seeks to impugn these facts upon the St. Lawrence County, Plaintiff is barred from doing so under the long established case law of *Baez, supra* which is discussed at length is Point I (A)(1)(ii)(a) on page 8 above.

Furthermore, it would not be realistic to say that the St. Lawrence County did nothing in response to the alleged issues with the District Attorney when, as the Plaintiff admits, the County legislature first voted "no confidence in District Attorney Rain citing 'lapses in judgement and unethical behavior,'" and then voted on a resolution asking Ms. Rain to resign. (Compl. ¶¶ 163,

---

[1] For these same reasons, Plaintiff's first cause of action for false arrest should be dismissed against the St. Lawrence County Defendants.

169).  *See Reynolds*, 506 F.3d at 197 (finding no acquiescence to pattern of misconduct when the State took steps to investigate and correct the municipality's misconduct).[2]

Lastly, in order to plead a claim for deliberate indifference for purposes of failure to train against Sheriff Wells and the St. Lawrence County Sheriff's department, "[a] pattern of similar constitutional violations by untrained employees is 'ordinarily necessary'. . ." *Connick*, 563 U.S. at 62.  Here, Plaintiff has failed to provide any specific factual support for the existence of a pattern of misconduct.  Rather, the only facts to suggest misconduct by the department are those related to the Plaintiff's own experience, which does not amount to a showing of deliberate indifference.

As such, Plaintiff is unable to establish a *Monell* claim under this theory, and the relevant claims should be dismissed.

### v.  *Plaintiff's Remaining §1983 Claims Must Be Dismissed*

Plaintiff's only remaining §1983 claims which have not been discussed above are his seventh and eighth causes of action.

The <u>seventh cause</u> of action alleges that Plaintiff was prosecuted in retaliation for his lawsuit filed against the Village of Potsdam, in violation of his First Amendment rights.  (Compl. ¶229).  A plaintiff alleging retaliation must plead facts that demonstrate: (1) he had an interest protected by the First Amendment; 2) the defendants took adverse action against the plaintiff-namely, action that would deter a similarly situated individual from exercising his or her constitutional rights; and 3) there was a causal connection between the protected activity and the adverse action.  *See Dillon v. Morano*, 497 F.3d 247, 251 (2d Cir.2007); *Curley v. Village of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001).  The Plaintiff's complaint fails to allege facts sufficient

---

[2] For these same reasons, Plaintiff's second cause of action for malicious prosecution should be dismissed as against the St. Lawrence County Defendants.

to state a First Amendment retaliation claim against any of the St. Lawrence County Defendants. Any allegations made in reference to his indictment by District Attorney Mary Rain were prosecutorial and are not actionable claims against the St. Lawrence County Defendants for the reasons set forth above in *Baez*. There are no allegations in the Complaint that the St. Lawrence County Defendants had any knowledge of the lawsuit filed by the Plaintiff, nor that any alleged action was taken by them in retaliation for the filing of that lawsuit. As a result, Plaintiff's First Amendment retaliation claims should be dismissed.

Plaintiff's eighth cause of action alleges that "[d]efendants published plaintiff's name and made false claims, referring to him as a 'sociopathic killer' and as the murderer of Garrett Phillips" and as a result, plaintiff allegedly faced personal losses in violation of plaintiff's due process rights. (Compl. ¶235-239). "Defamation by a state actor does not amount to a deprivation of 'liberty' or 'property' within the meaning of the Fourteenth Amendment, unless accompanied by some interest other than mere loss of reputation." *Balentine v. Tremblay*, 554 Fed.Appx. 58, 60 (2d Cir. 2014). To state such a claim, a plaintiff must allege facts sufficient to support a finding that (1) "'the utterance of a statement sufficiently derogatory to injure his or her reputation, that is capable of being proved false, and that he or she claims is false,'" and (2) "'a material state-imposed burden or state-imposed alteration of the plaintiff's status or rights.'" *Id.* (quoting *Sadallah v. City of Utica*, 383 F3d 34, 38 (2d Cir. 2004)).

The Complaint states that the supposed comments giving rise to Plaintiff's claim were made by someone other than the St. Lawrence County Defendants. (See Compl. ¶168). Plaintiff fails to allege that any of the St. Lawrence County Defendants made a statement sufficient to support such a due process claim, or that any alleged "state-imposed burden" was caused by the

St. Lawrence County Defendants. Therefore, Plaintiff's due process defamation claim should be dismissed.

For these reasons, Plaintiff has not plead a *Monell* claim against the County, and therefore all of the ten (10) Section 1983 claims purported against the County should be dismissed.

### B.      The St. Lawrence County District Attorney's Office and Unidentified Jane/John Doe County District Attorney Employees #11-20

### The District Attorney's Office Is Immune From Suit Under the Eleventh Amendment

To the extent that Plaintiff seeks to assert §1983 claims against the St. Lawrence County District Attorney's Office in federal court, his claims are barred by the Eleventh Amendment. *Woodward v. Office of Dist. Atty.*, 689 F. Supp. 2d 655, 659 (S.D.N.Y. 2010); *see Ying Jing Gan, supra* at 529. "The District Attorney's Office is an agency of the State of New York." *Id.*; *see Ying Jing Gan, supra* at 536 ("When prosecuting a criminal matter, a district attorney in New York State, acting in a quasi-judicial capacity, represents the State not the county." (citation omitted)). "The Eleventh Amendment bars a suit by a citizen of a state against that state or one of its agencies, absent the state's consent to such a suit or an express statutory waiver of immunity." *Id.*; *see Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984) ("It is clear ... that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. [(citations omitted)] This jurisdictional bar applies regardless of the nature of the relief sought."). "It is also well established that Congress did not intend to abrogate the states' immunity by enacting § 1983." *Id.*; *see Quern v. Jordan,* 440 U.S. 332, 343–45 (1979).

The St. Lawrence County District Attorney's Office has not consented to suit or expressly waived its Eleventh Amendment immunity, and therefore Plaintiff is barred from asserting any §1983 claims against it or its unidentified employees.

### C.   St. Lawrence County Sheriff Kevin Wells and Unidentified Jane/John Doe County Sheriff Office Employees #21-30

As stated above, Sheriff Wells has been named in this lawsuit in both his individual and official capacity.  Plaintiff has failed to state a claim against Sheriff Wells in either capacity.

#### (1)   Plaintiff Has Failed To State a Claim Against Defendant Wells in his Official Capacity

In order to assert a claim against Sheriff Wells in his official capacity, Plaintiff must establish that he "was acting pursuant to an official custom or policy" of the County.  *See Donovan v. Briggs*, 250 F.Supp.2d 242, 250 (W.D.N.Y 2003) *referencing Monell*.  Defendants previously outlined in this brief, the various deficiencies this Complaint has in asserting a *Monell* claim, especially on behalf of any actions by Sheriff Wells, who is not named anywhere in the Complaint other than the caption itself. (See Point I (A)(1)(ii)(b) point on page 9-10).  Moreover, it has been held that "[o]fficial-capacity suits, in contrast [with personal-capacity suits], 'generally represent only another way of pleading an action against an entity of which an officer is an agent' " and that "[t]here is no longer a need to bring official-capacity actions against local government officials, for under *Monell, supra*, local government units can be sued directly"). *Dudek v. Nassau Cty. Sheriff's Dep't*, 991 F. Supp. 2d 402, 413 (E.D.N.Y. 2013) *quoting Ky. v. Graham*, 473 U.S. 159, 165–66 & 167 n. 14 (1985).

For this reason, and those set forth above in Point I (A)(1)(ii)(b), any claim against Sheriff Wells in his official capacity should be dismissed.

#### (2)   Plaintiff Has Failed to State a Claim Against Defendant Wells in his Individual Capacity

**(3)  Plaintiff Has Failed to Mention Any Direct Participation of the Unidentified Jane/John Doe County District Attorney Employees #11-20. For the Reasons set Forth in Section C(2) Above, Plaintiff's Failure to Identify Any Action or Personal Immunity on Behalf of the Unnamed Parties, at Any Point in the Lengthy Complaint is Basis for Dismissal.**

"An individual officer's personal involvement in the 'constitutional deprivation[ ]' is a 'prerequisite' to a Section 1983 claim against them." *Dudek, supra* at 413 *citing McKinnon v. Patterson,* 568 F.2d 930, 934 (2d Cir.1977); *see also McAvoy v. DeMarco,* 2015 WL 1802601, at *5. "If a defendant has not personally violated a plaintiff's constitutional rights, the plaintiff cannot succeed on a § 1983 action against th[at] defendant. * * * § 1983 requires individual, personalized liability on the part of each government defendant." *Raspardo v. Carlone,* 770 F.3d 97, 115 (2d Cir.2014)). "The fact that [a defendant] was in a high position of authority is an insufficient basis for the imposition of personal liability." *Al–Jundi v. Estate of Rockefeller,* 885 F.2d 1060, 1065 (2d Cir.1989) *citing McKinnon, supra.* When a Plaintiff fails to allege any personal involvement by a defendant, a § 1983 claim will fail as a matter of law. *See Ward v. Coughlin,* 1996 WL 631747, at *2-3 (N.D.N.Y. Oct. 21, 1996); *see also Justice v. McGovern,* 2011 WL 6181944, at *2 (E.D.N.Y. Dec. 6, 2011); *Johnson v. Barney,* 360 F. App'x 199 (2d Cir. Jan. 12, 2010); *Costello v. City of Burlington,* 632 F.3d 41, 48–9 (2d Cir.2011) (holding that failure to allege facts establishing personal involvement is a fatal defect to §1983 claims).

In this case, the Complaint does not allege that Defendant Wells took any specific actions in Plaintiffs' prosecution. In fact, it fails to allege Defendant Wells did anything, having not been named or mentioned anywhere in the Complaint other than the caption itself. As such, any purported basis to maintain a claim against Sheriff Wells would fall well–short of pleading personal involvement with the specificity necessary to survive a motion to dismiss. *See Purdie v. Mahoney,* 2005 WL 3050969, at *1 (N.D.N.Y. Nov. 14, 2005) (stating that, to satisfy the

personal involvement requirement, a plaintiff must "set forth allegations of personal involvement by each named defendant in his complaint, and may not meet this obligation with conclusory allegations," and that "he must name [defendants] in the caption of his complaint and set forth specific allegations of wrongdoing as to each individual in the body of his complaint").

Therefore, Plaintiff's failure to allege any personal involvement by Sheriff Wells in any purported violation of his constitutional rights is a basis for dismissal of any Section 1983 claims against him.

### POINT II

2)    **PLAINTIFF HAS FAILED TO STATE ANY NEW YORK STATE LAW CLAIMS AGAINST THE ST. LAWRENCE COUNTY DEFENDANTS**

Plaintiff asserts three state law claims: (1) negligent hiring, training, supervision, (2) false imprisonment/false arrest, and (3) abuse of process. Once again Plaintiff's allegations do not specify which, if any, of the St. Lawrence County Defendants these claims are asserted against, but instead makes reference to "Defendants" generally. These claims are addressed separately below.

(1)    **The District Attorney's Office is Not A Suable Entity Under New York Law**

The capacity of the District Attorney's Office to be sued is determined by New York law. *See* Fed.R.Civ.P. 17(b). "Under New York law, the [District Attorney's Office] does not have a legal existence separate from the District Attorney." *Woodward, supra* at 658–59 *citing Gonzalez v. City of New York*, 1999 WL 549016, at *1 (S.D.N.Y. July 28, 1999). As such, "the District Attorney's Office is not a suable entity." *Id., see Steed v. Delohery*, No. 96 Civ. 2449, 1998 WL 440861, at *1 (S.D.N.Y. Aug. 4, 1998); *see also Jacobs v. Port Neches Police Dept.*, 915 F.Supp. 842 (E.D.Tex.1996) ("A county district attorney's office is not a legal entity capable of

suing or being sued."). As such, any state claims against the St. Lawrence County District Attorney's Office must be dismissed.

As such, the only parties remain to be discussed are the County of St. Lawrence, Sheriff Wells and the unidentified employees of the sheriff's office.

### (2)   Plaintiff Has Failed to State A Claim for False Imprisonment/False Arrest

To assert a claim under New York law for false imprisonment, one must properly allege: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Burgos v. Huggins*, 2015 WL 512784, at *4 (N.D.N.Y. Feb. 5, 2015).

In the instant matter, Plaintiff's allegations related to false imprisonment/false arrest appear to be in connection with his detainment in October 2011 and arrest in May 2014, neither of which involved the St. Lawrence County Defendants. Plaintiff fails to set forth any facts to support a claim for false arrest, having failed to demonstrate that the detainment or arrest in question were initiated, carried out, or intended by any of the St. Lawrence County Defendants. *See Ogunkoya v. Cty. Of Monroe*, 2017 US Dist LEXIS 86108, *18 (EDNY 2017) (defendants did not arrest plaintiff or "direct any officer to arrest plaintiff"). The fact that Plaintiff was detained and arrested by police officers unrelated to the St. Lawrence County Defendants is insufficient to lodge a claim as to them. As such, this claim should be dismissed.

### (3)   Plaintiff Has Failed to State A Claim for Negligent Hiring, Training, Supervision and Retention

Plaintiff claims that Defendants were negligent in the hiring, training supervision and retention of its employees, including those unnamed employees, for the following reasons: (1) they knew or should have known that the employees lacked the skill, ability and training to act

appropriately in investigations and criminal prosecutions; (2) they failed to exercise due care in their hiring practice by hiring employees who lacked the maturity, mental capacity and the ability to function as employees and were wholly unqualified by lacking the training, knowledge and expertise to be employed when they were hired; (3) they failed to establish proper guidelines and procedures for screening and investigating law enforcement officials; and (4) they failed to train the proper criteria for establishing probable cause to arrest, establish reasonable suspicion to believe a certain individual committed a criminal act, to properly conduct a criminal investigation and the legal competence to uphold the constitution and properly prosecute a case. (See Compl. ¶¶257-260).

It is well settled that "[a] claim for negligent hiring or supervision can only proceed against an employer for an employee acting *outside* the scope of [his] employment." *Robinson v. Cty. of Yates,* 821 F. Supp. 2d 564, 569 (W.D.N.Y. 2011), *aff'd sub nom. Robinson v. Allstate Ins. Co.,* 508 F. App'x 7 (2d Cir. 2013) *citing Stokes v. City of New York,* 2007 WL 1300983 at *14 (E.D.N.Y.2007) (emphasis added), *quoting Colodney v. Continuum Health Partners, Inc.,* 2004 WL 829158 (S.D.N.Y.2004). "Where an employee is acting within the scope of his employment, the employer's liability for his conduct is imposed by the theory of *respondeat superior,* and no recovery can be had against the employer for negligent hiring, training or retention." *Id.; see Stokes, supra*; *Murns v. City of New York,* 2001 WL 515201 at *5–*6, 2001 (S.D.N.Y.2001). Even then, to state a valid claim for negligent hiring, training, supervision and retention under New York law, a necessary element is that the "employer knew or should have known of the employee's propensity for the conduct which caused the injury." *Daniels v. Loizzo,* 174 F.R.D. 295, 299 (S.D.N.Y. 1997) (holding that lack of factual allegations in a proposed amendment against the Mount Vernon Police Department addressing the "knowledge" element

could not withstand a motion to dismiss) *citing Kenneth R. v. Roman Catholic Diocese,* 229 A.D.2d 159, 161 (2d Dep't 1997); *Detone v. Bullit Courier Serv.,* 140 A.D.2d 278 (1st Dep't 1988); *see also, e.g., Haybeck v. Prodigy Serv. Co.,* 944 F.Supp. 326, 332 (S.D.N.Y.1996) (dismissing claims for negligent hiring and retention because plaintiff failed to allege that defendant knew about employee's tortious conduct).

Here, Plaintiff has once again failed to assert any factual allegations against the St. Lawrence County Defendants to support the otherwise barebone recitations of the required claim. It does not mention with any specificity any particular failure in screening, hiring or training protocols, let alone at the hands of the St. Lawrence County Defendants outside of their scope of employment. Moreover, Plaintiff has not alleged any factual basis to support the critical "knowledge" element required in order to survive a motion to dismiss. Even if he had, Courts have consistently held that "the County is not responsible for the acts of the Sheriff or his deputy." *Snow v. Harder*, 43 A.D.2d 1003 (3rd Dept. 1974) (citations omitted). Likewise, "the Sheriff cannot be held personally liable on the basis of *respondeat superior* for the alleged negligent acts of his deputies." *Smelts v. Meloni*, 306 A.D.2d 872, 873 (4th Dept. 2003) *citing* (*Schulik v. County of Monroe,* 202 A.D.2d 960, 961 (4th Dept. 1994). As such, his negligent hiring, training, supervision and retention claim should be dismissed.

### (4)   Plaintiff Has Failed to State A Claim for Abuse of Process

"To prevail on a claim for abuse of process under New York law, a plaintiff must establish that the defendant: '(1) employ[ed] regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse or justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process.'" *Frederique v. Cty. of Nassau*, 168 F. Supp. 3d 455, 478 (E.D.N.Y. 2016) *citing*

*Bertuglia v. City of New York*, 133 F.Supp.3d 608, 638, 2015 WL 5692159, at *21 (S.D.N.Y.

Sept. 28, 2015) (quoting *Savino*, 331 F.3d at 76).  Moreover, "[t]he pursuit of a collateral

objective must occur after the process is issued; the mere act of issuing process does not give rise

to a claim." *Id. citing Lopez v. City of New York*, 901 F.Supp. 684, 691 (S.D.N.Y.1995).

Here, Plaintiff's allegations to support this claim center on his arrest, which he claims

was without reasonable or probable cause.  (Compl. ¶273).  For the reasons already set forth in

this brief, the St. Lawrence County Defendants were not involved in his arrest and Plaintiff has

otherwise failed to demonstrate that the arrest in question was initiated, carried out, or intended

by any of the St. Lawrence County Defendants.  As such, the claim for abuse of process should

be dismissed.

### (5)   In the Alternative, the State Law Claims Are Barred By The Statute of Limitations

Alternatively, Plaintiff's intentional state tort claims are time-barred by the one-year

Statute of Limitations in CPLR §215.  Likewise, claims based on negligent hiring and respondeat

superior against a county and its sheriff's department arising out of incidents occurring on arrest

is one year and 90 days from the date of arrest.  CPLR §215, Gen. Municipal Law §§ 50-e, 50-i;

Brown v. Vill. of Albion, 128 Misc. 2d 586, 588 (Sup. Ct. 1985).

### (6)   In the Alternative, Plaintiff is Unable To Seek Punitive Damages Against The County and the Sheriff in His Official Capacity

Plaintiffs' Complaint seeks punitive damages against all Defendants.  (COMPL., ¶ 173).

However, it is well–settled that a municipality cannot be liable for punitive damages under

§1983.  *See New Windsor Volunteer Ambulance Corps., Inc. v. Meyers*, 442 F.3d 101, 122 (2d

Cir. 2006) (finding that "a municipality itself is immune from a claim of punitive damages"); *see*

*also Ciraolo v. City of New York.*, 216 F.3d 236, 239–40 (2d Cir. 2000) (quoting *City of Newport*

*v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981)) (noting that "'a municipality is immune from punitive damages under 42 U.S.C. § 1983'").

Further, §1983 does not permit punitive damages to be awarded against Sheriff Wells in his official capacity. *See Ivani Contr. Corp. v. City of New York*, 103 F.3d 257, 262 (2d Cir. 1997) (when town officials are sued "in their official capacity. . . they enjoy the same immunity from punitive damages as the City"); *see also Thomas v. O'Brien*, No. 08–CV–0318, 2009 WL 811447, at *1 (N.D.N.Y. Mar. 27, 2009) ("plaintiff's claim for punitive damages against defendants in their official capacities as City of Syracuse police officers must be dismissed"). Plaintiff has not cited any basis for a claim against Sheriff Wells in his individual capacity, therefore a punitive damages claim would likewise be inapplicable on those grounds.

Therefore, the St. Lawrence County Defendants respectfully request that the Court issue an order dismissing Plaintiff's claim for punitive damages.

## V.    CONCLUSION

For the reasons discussed above, the St. Lawrence County Defendants respectfully request that the Court dismiss Plaintiffs' Complaint, as against them, in its entirety and grant such other and further relief as the Court deems just and proper.

Dated: November 13, 2017

HANCOCK ESTABROOK, LLP

By: _____

John L. Murad, Jr., Esq. (Bar Roll #102241)
Christina M. Verone Juliano, Esq.
(Bar Roll #515537)

*Attorneys for Defendant St. Lawrence County, St. Lawrence County District Attorney's Office, Unidentified Jane/John Doe #1-10 St. Lawrence County Employees, Unidentified Jane/John Doe #11-20 St. Lawrence County District Attorney Employees, St. Lawrence County Sheriff Kevin M. Wells, Individually and in his Official Capacity, and*

*Unidentified Jane/John Doe #21-30 St. Lawrence*
*County Sheriff Employees*

100 Madison Street, Suite 1600
Syracuse, New York 13202
Tel:      (315) 565-4500
Fax:      (315) 565-4600
E-mail:   jmurad@hancocklaw.com
          cjuliano@hancocklaw.com