**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ORAL NICHOLAS HILLARY,**

|  |  |
|---|---|
| **Plaintiff,** | **8:17-cv-659** |
|  | **(GLS/DJS)** |

**v.**

**MARY E. RAIN et al.,**

                                  **Defendants.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Barket, Epstein & Kearon Aldea & LoTurco, LLP | ALEXANDER ROBERT KLEIN, ESQ. |
| 666 Old Country Road, Suite 700 | BRUCE A. BARKET, ESQ. |
| Garden City, NY 11530 | DONNA ALDEA, ESQ. |
| | |
| Office of Mani C. Tafari | MANI C. TAFARI, ESQ. |
| 445 Hollow Road, Suite 25 | |
| Melville, NY 11747 | |
| | |
| **FOR THE DEFENDANTS:** | |
| _Mary E. Rain_ | |
| Dreyer Boyajian LLP | JAMES R. PELUSO, JR., ESQ. |
| 75 Columbia Street | JOSHUA R. FRIEDMAN, ESQ. |
| Albany, NY 12210 | WILLIAM J. DREYER, ESQ. |
| | |
| _John E. Jones_ | |
| Hancock Estabrook, LLP | JOHN L. MURAD, JR., ESQ. |
| 1800 AXA Tower I | CHRISTOPHER HALL, ESQ. |
| 100 Madison Street | |
| Syracuse, NY 13202 | |
| | |
| _Village of Potsdam, Village of_ | |

*Potsdam Police Department,*
*& Mark Murray*
Johnson Laws, LLC                    GREGG T. JOHNSON, ESQ.
646 Plank Road, Suite 205            APRIL J. LAWS, ESQ.
Clifton Park, NY 12065               COREY A. RUGGIERO, ESQ.
                                     LORAINE CLARE JELINEK, ESQ.


*Unidentified Jane/John Doe*
*Village Of Potsdam Employees*
*#31-40*                             NO APPEARANCES

*Onondaga County &*
*William Fitzpatrick*
Onondaga County Department           JOHN E. HEISLER, JR., ESQ.
of Law
John H. Mulroy Civic Center
421 Montgomery Street, 10th Floor
Syracuse, NY 13202


*Unidentified Jane/John Doe #41-50*
*New York State Police Employees*    NO APPEARANCES

**Gary L. Sharpe**
**Senior District Judge**


## MEMORANDUM-DECISION AND ORDER

### I.  Introduction

Plaintiff Oral Nicholas Hillary brings this action against defendants

Mary E. Rain, John E. Jones, Village of Potsdam, Village of Potsdam

Police Department, Mark Murray, Onondaga County, William Fitzpatrick,

John and Jane Doe defendants, and other defendants that have since

2

been dismissed, alleging violations of his First, Fourth, and Fourteenth Amendment rights pursuant to New York State law and 42 U.S.C. § 1983. (Compl., Dkt. No. 1.)  Pending are Rain's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and (c), (Dkt. No. 105), and Jones' motion for judgment on the pleadings, (Dkt. No. 133).  For the following reasons, both motions are granted.

## II.  Background

The court assumes the parties' familiarity with the underlying facts, which are stated in full in the court's February 28, 2019 Memorandum-Decision and Order.  (Dkt. No. 83 at 4-12.)

## III.  Standards of Review

The standard of review under Fed. R. Civ. P. 12(b)(6) and Rule 12(c), which is identical to that of a Rule 12(b)(6) motion, *see Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2nd Cir. 2001) (internal citations omitted), is well settled and will not be repeated here. For a full discussion of the standard, the court refers the parties to its prior decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

## IV.  Discussion

3

A.   **Rain's Motion**

Rain moves to dismiss Hillary's complaint in its entirety as against

her.  (Dkt. No. 105, Attach. 1.)  In response, Hillary opposes Rain's motion

only as to his third and sixth causes of action against Rain: a Section 1983

conspiracy claim, and a Section 1983 violation of the Equal Protection

Clause of the Fourteenth Amendment.  (Dkt. No. 110 at 5-14.)

Accordingly, in light of Hillary's concession, the following claims are

dismissed as against Rain: false arrest; malicious prosecution; fabrication

of evidence; failure to disclose exculpatory evidence; retaliatory

prosecution in violation of the First Amendment; due process and

stigma-plus defamation; municipal and corporate liability; supervisor

liability; negligent hiring, training, supervision, and retention; false

imprisonment/false arrest; and abuse of process.  (Compl.

¶¶ 174-79, 180-94, 209-15, 216-21, 228-33, 234-40, 241-49, 250-55,

256-65, 266-71, 272-80); *see Johnson v. Lew*, No. 1:13-CV-1072, 2015

WL 4496363, at *5 & n.6 (N.D.N.Y. July 23, 2015).

1.   *Prosecutorial Immunity*

Rain contends that she is entitled to absolute prosecutorial immunity

as to Hillary's claims because the conduct that serves as a basis for these

claims relates to actions taken within the scope of her prosecutorial function as St. Lawrence County District Attorney.  (Dkt. No. 105, Attach. 1 at 4.)  In response, Hillary argues that "Rain's joinder in . . . [the] plot to target Hillary . . . was not pure prosecutorial advocacy," and that, because Rain began to conspire to target Hillary before probable cause had been established, absolutely immunity is unavailable.  (Dkt. No. 110 at 8-9.)  The court agrees with Rain.

"Prosecutorial immunity from § 1983 liability is broadly defined, covering virtually all acts, regardless of motivation, associated with the prosecutor's function as an advocate."  *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (internal quotation marks and citation omitted).  "[A] prosecutor's functions preliminary to the initiation of proceedings include whether to present a case to a grand jury, whether to file an information, whether and when to prosecute, whether to dismiss an indictment against particular defendants, which witnesses to call, and what other evidence to present."  *Id.* (internal quotation marks and citation omitted).  However, absolute immunity only protects conduct that is "intimately associated with the judicial process," *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976), and does not extend to the prosecutor's role as an investigator, *see Hill v. City*

*of New York*, 45 F.3d 653, 661 (2d Cir. 1995).

Rain's alleged conduct clearly falls under the category of conduct protected by prosecutorial immunity.  *See Baez v. Hennessy*, 853 F.2d 73, 77 (2d Cir. 1988) ("It is well established in New York that the district attorney, and the district attorney alone, should decide when *and in what manner* to prosecute a suspected offender." (emphasis added) (citations omitted)).  For instance, Hillary alleges that Rain "threatened one of . . . Hillary's alibi witnesses with obstruction and the other with a grand jury subpoena," (Compl. ¶ 88); Rain "charged . . . Hillary with criminal contempt based upon [his] visit to his local bank," (*id.* ¶ 110); and Rain and Onondaga County District Attorney Fitzpatrick "were aware that there was no statistical support for a match between the fingernail scrapings from the left hand of the victim Garrett Phillips . . . and . . . Hillary," (*id.* ¶ 121 (internal quotation marks omitted)).

Rain's decisions as to the manner in which she prosecuted Hillary, including seeking assistance from Fitzpatrick, were "simply implementations of the prosecutorial decision" to prosecute Hillary for a state crime.  *Cf. Eisenberg v. Dist. Attorney of Cty. of King*, No. CV-93-1647, 1996 WL 406542, at *7 (E.D.N.Y. July 16, 1996); *see Baez*, 853

F.2d at 77 ("A county has no right to establish a policy concerning how [the District Attorney] should prosecute violations of State penal laws." (citations omitted)).  Thus, because Hillary's claims against Rain are related to her prosecution of Hillary, he has failed to state a claim against Rain.[1]  *See Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (holding that prosecutorial functions immune from suit "include deciding whether to bring charges and presenting a case to a grand jury or a court, along with the tasks generally considered adjunct to those functions, such as witness preparation"); *Bruno v. City of New York*, No. 17 Civ. 7552, 2019 WL 690340, at *11 n.9 (S.D.N.Y. Feb. 19, 2019) ("[T]he alleged falsification of evidence and the coercion of witnesses . . . have been held to be prosecutorial activities for which absolute immunity applies" (internal quotation marks and citations omitted)); *Watson v. Grady*, No. 09-CV-3055, 2010 WL 3835047, at *16 (S.D.N.Y. Sept. 30, 2010) ("[Prosecutor

---

[1] Although not specifically alleged in the complaint, to the extent that Hillary argues that Rain withheld *Brady* material for over a year, including a witness who "identified another man, John Jones, of entering the apartment with Garrett at the time the boy was killed," (Dkt. No. 110 at 12), such argument is unavailing, because such conduct is protected by prosecutorial immunity.  *See Hill v. City of New York*, 45 F.3d 653, 661-62 (2d Cir. 1995) (noting prosecutorial immunity extends to conduct before a grand jury, initiating a prosecution and determining which offense to charge, and failure to disclose *Brady* material).

defendants] are protected by absolute immunity for their professional evaluation of the evidence and subsequent decision to indict Plaintiff on various charges." (citations omitted)).

To the extent Hillary argues that "Rain's joinder in . . . [the] plot to target Hillary . . . was not pure prosecutorial advocacy," and that the "steps that Rain took as prosecutor corroborate the conspiracy she entered into with others," (Dkt. No. 110 at 9, 12), such argument fails. *See Pinaud v. Cty. of Suffolk*, 52 F.3d 1139, 1148 (2d Cir. 1995) ("As this Court and other[] circuits have repeatedly held, since absolute immunity covers virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate, when the underlying activity at issue is covered by absolute immunity, the plaintiff derives no benefit from alleging a conspiracy." (internal quotation marks and citations omitted)); *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (extending absolute prosecutorial immunity to conspiracies to present false evidence at trial and before the grand jury).

Accordingly, Rain is entitled to absolute prosecutorial immunity as to Hillary's claims, and her motion to dismiss is granted on that basis.

    *2.    Conspiracy*

In any event, Hillary has failed to allege facts giving rise to a

conspiracy.

> To survive a motion to dismiss, a conspiracy claim
> under 42 U.S.C. 1983 must allege facts plausibly
> suggesting that (1) an agreement existed between
> two or more state actors to act in concert to inflict an
> unconstitutional injury on plaintiff, and (2) an overt act
> that was committed in furtherance of that goal.
> Vague and conclusory allegations that defendants
> have engaged in a conspiracy must be dismissed.

*Vega v. Artus*, 610 F. Supp. 2d 185, 202-03 (N.D.N.Y. 2009) (citations

omitted).

As argued by Rain, (Dkt. No. 105, Attach. 1 at 6-7), the complaint

fails to identify the existence of any agreement between unidentified

conspirators; it is vague as to Rain's purported participation in the alleged

conspiracy; it fails to specifically allege what actions Rain allegedly took in

furtherance of a conspiracy; and it fails to specifically identify the alleged

conspirators, (*see generally* Compl.).  Instead, Hillary makes the following

conclusory assertions: "Rain, along with the [other defendants] all worked

together, with the same goal and the same blind malice, to bring about an

indictment," and "prosecute [Hillary]," "for the purpose of depriving

[him] . . . of equal protection of the laws," (Compl. ¶¶ 204-06); local law

9

enforcement officers and officials "encouraged" Rain to take former St.

Lawrence County District Attorney Nicole M. Duve's job, (*id.* ¶ 61); Rain

ran a "vicious" campaign, and was "actively pursuing an arrest in Garrett

Phillips' case" prior to taking her position in the District Attorney's Office,

(*id.* ¶¶ 65, 67-68); and "[w]hen [Rain] announced an indictment in the case

within six months of winning her election, she gave thanks to 'the fabulous

job done by' . . . local law enforcement . . . who had 'encouraged her to run

for the job,'" (*id.* ¶ 68).

Such allegations are not enough to support a plausible conspiracy

claim involving Rain.  *See Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 325

(2d Cir. 2002) ("[C]omplaints containing only conclusory, vague, or general

allegations that the defendants have engaged in a conspiracy to deprive

the plaintiff of his constitutional rights are properly dismissed; diffuse and

expansive allegations are insufficient, unless amplified by specific

instances of misconduct." (citation omitted)); *Vega v. Artus*, 610 F. Supp.

2d 185, 202-03 (N.D.N.Y. 2009) ("Vague and conclusory allegations that

defendants have engaged in a conspiracy must be dismissed." (citations

omitted)).

Accordingly, Rain's motion to dismiss Hillary's conspiracy claim is

granted, and the claim is dismissed.

*3.    Equal Protection*

Rain contends that Hillary's equal protection claim should be dismissed, because the claim is directed only at the State of New York, the Village of Potsdam, the County of St. Lawrence and/or the County of Onondaga, and, in any event, the complaint fails "to allege any unequal treatment by [Rain] other than the decision to charge and prosecute [Hillary]—prosecutorial functions for which she is entitled to absolute immunity."  (Dkt. No. 105, Attach. 1 at 8-9.)  In response, Hillary argues that, although this claim "certainly refers to the institutional defendants, . . . when it comes to the reach of the overall claim, [the complaint] states broadly that the actions or inactions of 'the [d]efendants' were at least partially inspired by the 'illegitimate consideration of [Hillary's] race," and, "[t]he fact that other paragraphs refer to certain specific defendants, like institutional defendants, only confirms that the more broadly worded 'the [d]efendants' applies to everyone, including Rain." (Dkt. No. 110 at 13.)

The court is skeptical that Hillary has asserted an equal protection claim against Rain.  But, even if he has, as explained above, the decision

11

to prosecute Hillary is a prosecutorial function for which Rain is afforded prosecutorial immunity.

Accordingly, Rain's motion to dismiss Hillary's equal protection claim is granted, and the claim is dismissed.

## B.   Jones' Motion

Jones moves to dismiss Hillary's complaint as to all claims asserted against him.  (Dkt. No. 133, Attach. 3.)  In response, Hillary opposes Jones' motion only as to the third and sixth causes of action against Jones: a Section 1983 conspiracy claim, and a Section 1983 violation of the Equal Protection Clause of the Fourteenth Amendment.  (Dkt. No. 143 at 4-9.) Hillary does not oppose the remainder of Jones' motion with respect to his other causes of action, (*id.* at 9), and, accordingly, the following claims against Jones are dismissed as conceded by Hillary: false arrest; malicious prosecution; fabrication of evidence; failure to disclose exculpatory evidence; retaliatory prosecution in violation of the First Amendment; due process and stigma-plus defamation; municipal and corporate liability; supervisor liability; negligent hiring, training, supervision, and retention; false imprisonment/false arrest; and abuse of process.  (Compl. ¶¶ 174-79, 180-94, 209-15, 216-21, 228-33, 234-40, 241-49, 250-55,

256-65, 266-71, 272-80); *see Johnson*, 2015 WL 4496363, at *5 & n.6.

### 1.    State Action under 42 U.S.C. § 1983

There appears to be confusion as to whether Hillary's claims are brought against Jones in his capacity as a St. Lawrence County deputy sheriff, or as a private party.  However, a review of the complaint reveals that the fact that Jones is a St. Lawrence County deputy sheriff is merely coincidental with his involvement in the case, which is his relationship to Garrett Phillip's mother, and his interaction with the Village of Potsdam Police Department, the agency leading the investigation into Phillips' death.[2]  (*See, e.g.*, *id.* ¶¶ 49, 53-56).  Accordingly, Jones is not amenable to suit pursuant to Section 1983 unless he acted under color of state law to deprive Hillary of his constitutional rights.  *See Ciambriello*, 292 F.3d at 323.  As explained below, Hillary's conclusory allegations are insufficient

_____

[2] Even if the court found that, as a factual matter, Hillary adequately alleged that Jones is a state actor, his claims would fail.  For instance, if Hillary properly asserted claims against Jones in his official capacity, such claims would be dismissed as redundant of the claims brought against St. Lawrence County.  *See Ratafia v. Cty. of Columbia*, No. 1:13-CV-174, 2013 WL 5423871, at *7 (N.D.N.Y. Sept. 26, 2013).  And, if Hillary properly asserted claims against Jones in his individual capacity—suits which "seek to impose personal liability upon a government official for actions he takes under color of state law," *see id.* at *8—such claims would be dismissed because, as explained herein, Hillary does not adequately allege that Jones acted under color of law.

13

to state a claim of state action by Jones.

"In order to state a claim under § 1983, a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law." *Id.* at 323 (citation omitted). "Typically, state employment is sufficient to render a person a state actor." *Sherman v. City of New York*, No. 18-cv-5359, 2019 WL 2164081, at *5 (E.D.N.Y. May 16, 2019) (citation omitted). "However, a state employee who pursues purely private motives and whose interaction with the victim is unconnected with his execution of official duties does not act under color of law." *Id.* (internal quotation marks and citation omitted). In order to prove a Section 1983 conspiracy claim, a plaintiff must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Id.* at 324-25 (citation omitted). A plaintiff's allegations must be "amplified by specific instances of misconduct." *Id.* at 325 (citation omitted). "[M]ere[] conclusory allegation[s] that a private entity [or individual] acted in concert with a state actor does not suffice to state a [Section] 1983 claim against the private entity." *Id.* at 324. Rather, a plaintiff must show "a sufficiently close nexus between the [s]tate and the challenged action of the [private]

14

entity [or individual] so that the action of the latter may be fairly treated as that of the [s]tate itself." *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974).

Here, Hillary's factual allegations in support of his claims against Jones fail to adequately plead state action on the part of Jones.  For instance, Hillary alleges that Jones "steered the investigation by setting before [the Village of Potsdam Police Department] warrantless, prejudicial[,] and unlawful allegations which all of . . . [d]efendants promptly pursued," (Compl. ¶ 73), and that "Jones actively participated in targeting . . . Hillary," (*id.* ¶ 52).  Such vague and conclusory allegations do not suffice.  *See Ciambriello*, 292 F.3d at 325.

Hillary also alleges that Jones "went to the police command where the incident took place and gave the [s]ergeant a key to Tandy Cyrus's apartment to compare w[ith] keys found during [the] search of Hillary's residence and office," (Compl. ¶ 53 (internal quotation marks omitted)); "Jones [was] listed as the source informing the police of a witness who remembers . . . Hillary getting a key made at his store," (*id.* ¶ 54); and, "Jones called Chief of Police Tischler and as a result of that call, the Chief sent an officer . . . to Hillary's apartment to conduct an investigation," (*id.*

15

¶ 55).  This conduct does not constitute state action.  *See Pacherille v. Cty. of Otsego*, No. 3:13-CV-1282, 2014 WL 11515848, at \*5 (N.D.N.Y. Nov. 20, 2014) ("[C]ase law in this Circuit is well-established that the provision of information to a police officer—even if that information is false or results in the officer taking affirmative action—is insufficient to constitute 'joint action' with state actors for the purposes of [Section] 1983." (citations omitted)); *Sherman*, 2019 WL 2164081, at \*6 ("Moreover, even when the complainant is himself a public official employed by the state, the complainant does not act under color of law simply by filing a report alleging a crime.").

In any event, Hillary has failed to allege facts giving rise to a conspiracy.  Hillary claims that Jones "steered the investigation by setting before [the Village of Potsdam Police Department] warrantless, prejudicial and unlawful allegations which all of the [d]efendants promptly pursued." (Compl. ¶ 73.)  These allegations do not support a conspiracy claim.  *See Ciambriello*, 292 F.3d at 324.  Notably absent from Hillary's complaint are specific facts plausibly indicating an agreement between the Village of Potsdam Police Department, or any other defendants, and Jones, to violate Hillary's constitutional rights.  *See Jae Soog Lee v. Law Office of*

16

*Kim & Bae, PC*, 530 F. App'x 9, 10 (2d Cir. 2013) (finding no conspiracy claim where plaintiff did not allege an agreement).  Hillary has not shown a "meeting of the minds" or "understanding" between a state actor and Jones sufficient to support a claim of conspiracy.  *See McGee v. Dunn*, 09 Civ. 6098, 2015 WL 9077386, at *5 (S.D.N.Y. Dec. 16, 2015).  Accordingly, Jones' motion to dismiss Hillary's Section 1983 conspiracy claim is granted, and the claim is dismissed.

Finally, as noted above with regard to Hillary's equal protection claim against Rain, *see supra* Part IV.A, the court is skeptical as to whether Hillary has alleged an equal protection claim against Jones.  Nevertheless, because Hillary's allegations fail to support a theory of Section 1983 liability, his equal protection claim is dismissed.

## V.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Rain's motion to dismiss (Dkt. No. 105) is **GRANTED**; and it is further

**ORDERED** that Jones' motion to dismiss (Dkt. No. 133) is **GRANTED**; and it is further

**ORDERED** that the Clerk shall terminate defendants Rain and Jones

17

from this action; and it is further

     **ORDERED** that the Clerk provide a copy of this Memorandum-

Decision and Order to the parties.

**IT IS SO ORDERED.**

October 14, 2020
Albany, New York

Gary L. Sharpe
U.S. District Judge